# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: R.S.**

**No. 14-1192** (Mercer County 14-JA-56)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.C., by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's November 6, 2014, order terminating his parental rights to nine-year-old R.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based solely on his incarceration.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner failed to provide the child with adequate support and abandoned the child due to his incarceration in the Commonwealth of Virginia on several felony and misdemeanor convictions. In August and September of 2014, the circuit court held two adjudicatory hearings. The circuit court heard evidence that petitioner was incarcerated as alleged in the petition. Petitioner's counsel admitted that his anticipated release date is October of 2020. Based on petitioner's incarceration and his failure to provide the child with support of any kind, the circuit court found that petitioner had neglected the child.

Following the dispositional hearing in October of 2014, the circuit court found that petitioner could not correct the conditions of neglect in the near future and that termination of his parental rights was necessary for the child's welfare. Based on these findings, by order entered on November 6, 2014, the circuit court terminated petitioner's parental rights to the child. This appeal followed.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of his parental rights based solely on his incarceration until the year 2020. This Court has explained that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id*. At the outset, we note that our opinion in *In re: Cecil T.* recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id*. at 96, 717 S.E.2d at 880. However, despite petitioner's argument to the contrary, the record clearly demonstrates that the circuit court relied upon several factors in terminating petitioner's parental rights in addition to his incarceration. The circuit court considered petitioner's failure to provide for the child in the past, as well as his inability to do so in the near future due to the length of his incarceration; his inability to develop or participate in a family case plan; and the child's best interests given the child's current age and his age at the time of petitioner's release in 2020. Therefore, the circuit court did not violate the principles of *In re: Cecil T*, and we find no error in the circuit court's termination of parental rights in this matter.

Moreover, the circuit court properly found that petitioner could not correct the conditions of neglect in the near future and that termination was necessary for the child's welfare. *See Id.* at 97, 717 S.E.2d at 881 (stating that "incarceration may unreasonably delay the permanent placement of the child deemed abused or neglected, and the best interests of the child would be

served by terminating the incarcerated person's parental rights.") Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the circuit court's November 6, 2014, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

Justice KETCHUM, with whom Justice DAVIS joins, dissenting:

The record demonstrates that each reason for terminating the father's parental rights stem from his incarceration. Parental rights should not be terminated when the sole basis is a parent's incarceration.

The child will be fourteen years old when the father is released from prison in 2020. The father should have an opportunity to establish a relationship with his child. I dissent.

The record demonstrates that each reason for terminating the father's parental rights stem from his incarceration. Parental rights should not be terminated when the sole basis is a parent's incarceration.

The child will be fourteen years old when the father is released from prison in 2020. The father should have an opportunity to establish a relationship with his child. I dissent.